Rosa A. TORRES, Administratrix of the Estate of Jose Nededog Torres, Deceased, Petitioner-Appellee,

v.

CALVO FINANCE CORPORATION et al., Oppositors-Appellants.

Appeal No. 112–A.

District Court of Guam, Appellate Division.

Feb. 4, 1976.

Howard G. Trapp, Trapp, Gayle, Teker, Hammer & Lacy, Agana, Guam, for petitioner-appellee.

J. Bradley Klemm, Klemm & Dear, Norman L. Ashton, Barrett, Ferenz, Bramhall & Williams, David M. Shapiro, Agana, Guam, for oppositors-appellants.

Before DUENAS, District Judge, and HAROLD W. BURNETT, Designated Judge.

## OPINION

Appellee, Rosa A. Torres, Administratrix of the Estate of Jose Nededog Torres, filed a petition for land registration in the Island Court of Guam applying for registration of 1,264,017.17 square feet, or approximately 11 hectares, of land in Gonga, Dededo, Guam. The Honorable Paul J. Abbate, Judge of Island Court of Guam, granted the petition on June 20, 1974. Oppositors appealed to the Appellate Division of the District Court.

It is not clear from the petition on what ground the petitioner was basing her right; however, from the transcript, it appears that petitioner was claiming a right to the land by adverse possession under color of title based upon a written instrument (Guam Code of Civil Procedure, § 323), or in the alternative under a claim of right not based upon a written instrument (Guam Code of Civil Procedure, § 325). In any event, the Judge of the Island Court found that the appellee had perfected her claim to the land by virtue of her adverse possession.

The land appellee attempted to register is designated by appellee as Lot No. 10113–1, Gonga, Dededo, Guam, and consists of approximately 11 hectares,—land records indicate that Lot No. 10113–1 is actually part of a larger tract of land known as Estate No. 431, title to which has been recorded in the name of Luis Espinosa Torres since 1915. Jose Nededog Torres, the administratrix of whose estate is the petitioner in this case, is the son of Luis Espinosa Torres. To put matters in the proper perspective, the situation should be viewed as a son claiming a right to his father's land by virtue of his adverse possession.

The petitioner-appellee, Rosa A. Torres, is the widow of Jose Nededog Torres and the administratrix of his estate. The transcript reflects that Rosa Aguon married Jose Nededog Torres in 1927, and in that year they moved on to part of Estate No. 431 with the permission of the record title owner, Jose's

father Luis Espinosa Torres. It also appears from the transcript that Jose and Rosa built a house on the land, cultivated some of the land, raised some animals on the land, and built a fence around the entrance to the land and continued to live on the land until the outbreak of World War II when the Japanese occupation forced them to move to Yigo. They never really returned to the land after the Japanese occupation of Guam, although a man by the name of Jose T. Acfalle cultivated portions of the land in question with the permission of Jose N. Torres for three or four months in 1949–1950.

On November 30, 1936, a deed was signed by Juan Leon Guerrero Torres granting to Jose Nededog Torres a superficial 11 hectares of land described as follows:

> " 'A tract or parcel of land lying and being situated in the place of Gonga, municipal district. of Dededo, Guam, containing a superficial area of 11 hectares. Bounded on the North by the property of Juan Espinosa Torres, deceased, on the East by the property of Baldomero Perez Miner, on the South by the property of the said Baldomero Perez Miner, and on the West by Government Land (cliff) and the ocean.' "

This deed was recorded on October 24, 1938. Luis Espinosa Torres died intestate on or about April 5, 1948. On September 11, 1953, his estate, including his land in Gonga, was distributed to his widow, Consolacion Nededog Torres in Probate Matter No. 32–49 in the Island Court of Guam. Jose N. Torres died in 1956 intestate. His mother, Consolacion, died testate in 1963 and devised her property known as Gonga to her daughter, Remedios, and her five sons, Jesus, Tomas, Joaquin, Luis, and Jose, and gave approximate directions as to how the property would be divided.

■ The principal issue presented on appeal is whether the evidence in the Court below was sufficient to warrant the finding of the Court that the petitioner had obtained title to the property in question by adverse possession. It is the opinion of this Court that the evidence did not warrant such a finding.

It is not clear from the decision of the Court down below if a finding was ever made with regard to the validity of the deed executed by Juan Leon Guerrero Torres. However, the record does not indicate upon what basis Juan Leon Guerrero Torres obtained an interest in the Gonga property. Indeed, the evidence does indicate that a clear chain of title existed through Luis Espinosa Torres, the father of Jose N. Torres. If the petitioner is claiming to have ownership under color of title, she must fail since the grantor of the deed under which "the color of title" is claimed had no title to the property. Consequently, the petitioner must be proceeding under a claim of right theory.

A necessary element of adverse possession is that the claim must be hostile to that of the true owner. 2 Witkin, Summary of California Law, Real Property, § 13, 7 Ed. The evidence in this case indicates that the petitioner entered the property with the permission of his father to use the property as a ranch. Throughout the petitioner's occupation of the property, there is nothing to indicate that his use in any way went beyond the scope of such permissive use. When a person enters property with permission of the record owner and his use does not go beyond the scope of the permission given, the claim is not hostile. *Madden v. Alpha Hardware and Supply Co.*, 128 Cal.App.2d 72, 274 P.2d 705 (1954).

■ The standard for proving hostility is indeed considerably more stringent when familial relations are involved. In the recent case of *Lobro v. Watson*, 42 Cal. App.3d 180, 116 Cal.Rptr. 533, the Court stated the rule as follows:

> " 'The general rule is that where a close family relationship exists between the owner and the claimant of property, the possession by the claimant will not be considered adverse to the owner in the absence of a clear showing of the assertion of a hostile claim *and* actual or constructive notice. Id., p. 537. (Emphasis in original text.)' "

Even if the recordation of the 1936 deed amounted to constructive notice (it is clear from the record that the oppositors did not have actual knowledge of the deed), a clear showing of hostility would have to be made.

Even the testimony of the petitioner indicates that there was no hostility intended. Her testimony on page 45 of the Reporter's Transcript, lines 16–21, indicates that she did not claim any other property than what she owned:

"Q Do you claim any part of the land, the land that houses weren't built on? Do you claim that you own that land or the estate owns that land?

A No. I don't claim for the one that I didn't own.

Q Do you claim any land that you didn't build any houses on?

A No."

Her testimony on page 47 of the Reporter's Transcript indicates that she did not tell anyone about her claim of ownership either.

■ In any event, the 1936 deed is not constructive notice of the adverse claim nor is it any evidence of hostility. A deed which conveys property from one who owns no interest in that property is completely ineffectual. See *Madden v. Alpha Hardware and Supply Co., supra,* quoting from the Court in *Yuba River Sand Co. v. City of Marysville,* 78 Cal.App.2d 421 at page 430, 177 P.2d 642, at page 647:

"'Naturally, the value of a quitclaim deed depends upon the record title upon which it is founded. In the absence of evidence to refute the presumption that it is founded on some record title, it may furnish a prima facie showing of color of title indicating hostility of possession. But when the evidence shows, as it does in the present case, that the heirs of a deceased person who executed the quitclaim deed, had no title because the deceased had no title to the property, it furnishes no substantial evidence of hostility of possession. Under such circumstances it has been held that a quitclaim deed is valueless and ineffectual as evidence of adverse hostility of possession.'"

Moreover, petitioner denied in 1965 that she was a claimant to any part of Gonga by virtue of adverse possession when she and the other heirs of Consolacion Nededog Torres and Luis Espinosa Torres signed an agreement as owners of an undivided interest in Estate No. 431 with the Overseas Telecommunications Commission (Australia) granting to the Overseas Telecommunications Commission an easement over Estate No. 431, including that land which petitioner intends to register.

The evidence shows that the sons of Luis Espinosa Torres entered onto his Gonga property with his permission and used various sections of the property. If Jose and Rosa ever claimed an interest in the property adverse to that of Luis, they never demonstrated the requisite hostility. Therefore, the finding of the Island Court is erroneous.

The decision is reversed and the case is remanded to the Court below with directions to deny the petition.